[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO MODIFY ALIMONY AND CHILDSUPPORT
The marriage of the parties was dissolved on October 20, 1994 wherein the defendant husband was ordered to pay to the plaintiff wife the sum of $44,000 per year as periodic alimony at the rate of $3,666.67 per month. In addition, the husband was ordered to pay child support at the rate of $2,100 per month for the two minor children, issue of the marriage.
On October 20, 1994 the wife was a political analyst and was not working. She had no net earnings. The husband was associated at the time of the decree, as a partner in a neurological medical practice in Bridgeport, Connecticut. His annual earnings from CT Page 168-A that practice according to his October 19, 1994 financial affidavit were $177,000.
The husband filed this motion to modify alimony and child support and pursuant to an order to show cause the wife was served on November 18, 1996. The husband claims two material changes in the parties' financial circumstances: 1) the wife is currently employed as a political analyst by the United Nations in New York City and 2) the husband's earnings from his private practice, now located in Maryland, is substantially less than $177,000 per year. In support of this motion, the husband testified that he was employed in a private practice in Maryland shortly after the divorce. This fact was contemplated by the parties. He earned $125,000 per year. He testified that he contemplated in three years to be named a partner in the Maryland practice. At that time he anticipated he would be earning at least $177,000 per year.
The husband further offered expert testimony from a medical employment specialist. The expert testified that the practice of medicine has changed since October 1994. He stated that income from a private neurological practice is down in the eastern United States. He testified that it is difficult for a person of the age and experience of the husband to be able to continue to earn $177,000 annually. He further indicates that young CT Page 168-B neurologists are being placed in eastern United States practices at the range of $120,000 to $125,000 per year.
The financial affidavit filed by the wife shows that she earned $63,000 in 1996 as a political analyst with the United Nations. She further testified that the United Nations can no longer maintain her position due to financial restraints in the U.N. budget, employment cutbacks and contract limitations for the wife's former position. The wife left her job when the contract ended on December 24, 1996 and has not been employed since. She has made diligent efforts to seek employment, utilizing her political analyst's skills as well as her proficiency in French, German and Russian. She has made substantial efforts to seek gainful employment in many areas of the business community in which her skills are appropriate, including seeking foreign placement. She has not been able to obtain employment despite those efforts.
The husband was laid off in 1996 from the Maryland practice. He has started his own private neurological practice in Maryland. The husband testified that he has lost money in his private practice. He believes his income is going to increase. According to the husband's testimony it will take him at least another year before he attains the $125,000 level. He believes this is the maximum amount he can earn in the Maryland area. CT Page 168-C
The family home owned by the parties was sold pursuant to the decree. The husband obtained his share of the sales price and invested it in various funds. He has since remarried and has transferred those funds to his current wife. Those funds still are available but were not reflected on his financial affidavit since they are in the ownership of his current wife. This court believes that those funds are available for the husband to defray the obligations of his prior marriage.
The court has considered all the factors contained in C.G.S. § 46b-86 and the appropriate post-judgment factors of C.G.S. §§ 46b-82 and 46b-84.
The court finds that there is a substantial material change in circumstance; in that the husband's earnings have decreased from $177,000.00 annually to what his current earning capacity is, $125,000.00 annually. This court will base the modification orders on the husband's $125,000.00 earning capacity. The court further finds, despite the wife's 1996 employment, the husband did not file a motion for modification until the service of this Motion For Modification on November 18, 1996. The wife is currently unemployed. The court will not base any modification on the wife's earnings during the calendar year 1996. CT Page 168-D
The Motion For Modification of child support is denied. The husband is ordered to continue to pay on the first day of each calendar month the sum of $2,000.00 per month child support.
The Motion For Modification of alimony is granted. The alimony is modified retroactive to November 18, 1996 to $2,000.00 per month. The payment for the month of November will be prorated from November 18, 1996 through November 30, 1996. Each payment thereafter will be due on the first day of each month.
The court finds that the husband paid $2,800.00 instead of the $3,666.66 per month as alimony for the months of August, September, October, November and December, 1996. The court finds by applying the retroactive alimony there is an arrears in the alimony of $2,646.00 through December 31, 1996. The court orders that the husband pay to the wife in addition to the above alimony of $2,000.00, the sum of $294.00 per month on the total arrears of $2,646.00 for nine months with the first payment due on February 1, 1997. Each $294.00 payment will be made thereafter on the first day of each calendar month until the $2,646.00 arrears is paid in full.
The court notes that the husband has failed to pay the alimony and child support due for the month of January of 1997. CT Page 168-E That sum is due in the amount of $2,000.00 as modified alimony and $2,100.00 as child support. That $4,100.00 payment is to be made by the husband to the wife forthwith.
By the court.
Dated at Stamford, Connecticut this 29th day of January, 1997.
TIERNEY, J.